CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 1 5 2006

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DANNY ROBERT MOTLEY, ) | |
|     Plaintiff, ) | Civil Action No. 7:06cv00102 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| SOUTHWEST VIRGINIA REGIONAL ) | |
| JAIL AUTHORITY ) | By: Samuel G. Wilson |
|     Defendant. ) | United States District Judge |

Plaintiff Danny Motley, a Virginia inmate proceeding pro se, brings this action under 42 U.S.C. § 1983, alleging that the defendant improperly charged him for medical care. Motley seeks $ 10,015.00 in damages. The court finds that Motley has failed to state a claim upon which the court may grant relief; therefore, the court dismisses the action pursuant to 28 U.S.C. § 1915A(b)(1), which allows dismissal of a prisoner suit if it is clear from the complaint that the plaintiff is not entitled to relief.[1]

## I.

Motley alleges that on December 6, 2005, he sent a sick call request to the medical department seeking medical care and treatment for what he believed to be "scabbies." Motley was not taken to the medical unit, but later that day he was seen at his cell by an institutional nurse and given an over the counter medication to treat his condition. Motley now claims that he was improperly charged for that examination and the medication the nurse provided.

## II.

---

[1] Further, the Southwest Virginia Regional Jail Authority is not a "person" and therefore, is not a proper defendant in a §1983 action. See Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989). However, even if the court granted Motley an opportunity to amend to name proper defendants, his claims would still fail for the reasons stated herein.

The Constitution does not guarantee an inmate the right to free medical care. See Johnson v. Dep't of Pub. Safety & Corr. Serv., 885 F.Supp. 817 (D. Md. May 4, 1995)(finding that requiring an inmate to pay a co-pay for medical care did not present a claim of deliberate indifference nor a claim for violation of due process rights when that co-pay was deducted from his inmate account); Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 408 (9th Cir. 1985)(finding that requiring prisoners to pay a medical co-pay was constitutional). Accordingly, as Motley admits he requested a medical evaluation, was examined by a nurse, and was provided with some medication to treat his illness, the court finds that Motley does not present a claim of constitutional magnitude and, because Motley has failed to allege the violation of a right guaranteed by the Constitution or other laws, his claims are not cognizable under § 1983.

### III.

For the reasons stated herein, the court dismisses Chacon's suit pursuant to § 1915A(b)(1) for failure to state a claim.

**ENTER:** This 15th day of February, 2006.

_____
UNITED STATES DISTRICT JUDGE